IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT MILLS, :
:
    Petitioner, :
: 1:13-cv-02363
v. :
: Hon. John E. Jones III
WARDEN J.E. THOMAS, :
:
    Respondent. :

# MEMORANDUM

## September 26, 2013

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Robert Mills ("Petitioner" or "Mills"), an inmate presently confined at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"), initiate the above action *pro se* by filing a Petition for Writ of Habeas Corpus ("Petition") under the provision of 28 U.S.C. § 2241. (Doc. 1). Petitioner has paid the filing fee. The Petition currently is before the Court for screening.

Mills is currently serving time for a sentence he received from the United States District Court for the Middle District of Florida. (*See* Doc. 1). Mills alleges that USP Lewisburg is impeding his access to the courts with the practice of collective punishment as he works on his pending § 2255 habeas petition in the Middle District of Florida. *See United States v. Mills, et al.,* 3:02-cr-115 (M.D.

Fl.) (*Id.*). In addition to his habeas petition, Mills has filed a motion for preliminary injunction (Doc. 3) and a motion to avert transfer of custody (Doc. 4).

**DISCUSSION**

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides, in pertinent part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), cert. denied, 400 U.S. 906 (1970). The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Id.

The purpose of a petition for writ of habeas corpus is to allow a person in custody to challenge either the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Leamer v. Fauver*, 288 F.3d 532, 540 (3d

Cir. 2002). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer*, 288 F.3d at 540 (*quoting* Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L.Rev. 1551, 1553 (2001)). However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Upon review of the Petition, it is apparent that Mills' claim that USP Lewisburg is impeding his access to the courts with the practice of collective punishment as he works on his pending § 2255 habeas petition in the Middle District of Florida does not constitute a challenge to the fact or duration of his confinement. The appropriate remedy is to file a *Bivens* –styled complaint under the provisions of 28 U.S.C. § 1331. Accordingly, the Petition will be dismissed without prejudice to any right Mills may have to reassert his present claims in a

properly filed civil rights action.[1] Because we are dismissing the Petition, we will not consider the motions filed by Petitioner and will instead dismiss them as moot. An appropriate Order will follow.

---

[1] The Court expresses no opinion as to the merits, if any, of any civil rights claims Petitioner may filed based upon the facts asserted in the instant Petition.